FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

MAR 2 2 2012

JAMES N. HATTEN, Clerk
By: Vicki Dougherty

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RUSSELL PARIS CROOK and BARBARA LEE EPPERLY CROOK, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) ) | NO. **2:12-CV- 66** |
| BRANDON SCOTT FUZI, D.C. and FAMILY LIFE CHIROPRACTIC CENTER, P.C., | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Russell Paris Crook and Barbara Lee Epperly Crook ("Plaintiffs")

hereby file the above-styled Complaint and show this Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs Russell Paris Crook ("Mr. Crook") and Barbara Lee Epperly

Crook ("Mrs. Crook") are citizens and residents of the State of Florida.

2.

Defendant Brandon Scott Fuzi ("Defendant Fuzi") was at all times material

hereto a licensed chiropractor in the State of Georgia.

1

3.

Defendant Fuzi is subject to the jurisdiction of this Court and may be personally served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure at his residence at 465 Bill Hasty Boulevard, Apartment 2321, Jasper, Pickens County, Georgia 30143-8627.

4.

Defendant Family Life Chiropractic Center, P.C. ("F.L.C.C.") is a Georgia professional corporation capable of being sued in Georgia and subject to the jurisdiction of this Court.

5.

Defendant F.L.C.C. may be served with process upon its registered agent Stacey Davis at 351 East Highland Street, Blue Ridge, Fannin County, Georgia 30513.

6.

At all times material hereto, Defendant Fuzi was an employee and/or agent of Defendant F.L.C.C. and was acting within the course and scope of his employment/agency with Defendant F.L.C.C. in his care and treatment of Mr. Crook.

7.

Defendant F.L.C.C. is vicariously liable for the negligence of its employees and/or agents, including but not necessarily limited to Defendant Fuzi, under the doctrine of *respondeat superior* and/or agency.

8.

Venue in this action is proper.

## FACTS

9.

Russell Crook presented to F.L.C.C. on Tuesday, September 21, 2010.

10.

According to the F.L.C.C. Confidential Case History ("Case History") filled out at Mr. Crook's September 21, 2010 visit to F.L.C.C., Mr. Crook's chief complaint was "low back pain-severe" and neck pain of 7 and low back pain of 9 on a scale of 1 to 10.

11.

Mr. Crook's Case History further reports that he was on Coumadin.

12.

Stacey Davis, D.C., C.C.E.P., Sherry Bramlett, D.C. and/or Dr. Jane Doe saw Mr. Crook on his September 21, 2010 visit to F.L.C.C.

13.

Dr. Davis, Dr. Bramlett and/or Dr. Doe's History form for Mr. Crook's September 21, 2010 visit ("September 21 History") reports that Mr. Crook's chief complaint was "LBP – across both sides no radiation ↓ legs lifted 5 gallon can of gas yesterday – woke up in am."

14.

The September 21 History describes the onset of Mr. Crook's chief complaint as "rode 4 wheeler – twisted to Rt."

15.

According to the September 21 History, Mr. Crook's pain was "deep," "sharp" and "constant," and as occurring in the "a.m.," "midday" and "p.m."

16.

The September 21 History describes Mr. Crook's pain as "moderate," "severe" and "10" and the pain site as "specific" and "diffuse."

17.

Dr. Bramlett reported that Mr. Crook's September 21, 2010 lumbar spine x-ray was "negative for recent fracture or gross osetopathology [sic] as visualized," showing "apparent lumbar myospasm," showing "narrow disc space between: L5-

4

S2 severe, L2-4 mod.," showing arthritic articular facets, revealing a right ilium

that was rotated 5-7 mm and showing evidence of a left hip replacement.

18.

Dr. Davis, Dr. Bramlett and/or Dr. Doe's Exam Form regarding Mr. Crook's

September 21, 2010 visit ("September 21 Exam Form") reports that Mr. Crook had

"Rt side acute" pain during all types of range of motion.

19.

Under "REFLEXES," the September 21 Exam Form reports "unable to get"

and "pt really tense."

20.

Under "ORTHO TESTS" and "MENSURATION," the September 21 Exam

Form states: "Can't do pt in acute P!  Unable to stand w/o P!  Maintain flexed

posture for some relief."

21.

The Doctor's Note Sheet for Mr. Crook's September 21, 2010 visit

("September 21 Doctor's Note") reports that Dr. Davis, Dr. Bramlett and/or Dr.

Doe applied 15 minutes of "HEAT/COLD" to Mr. Crook, applied electrical

stimulation to him and put Mr. Crook on manual traction.

5

22.

The September 21 Doctor's Note reports Mr. Crook's assessment as "acute" and that the plan was for him to return on Wednesday for 30 minutes of neuromuscular massage therapy and an adjustment.

23.

Mr. Crook returned the following day, Wednesday, September 22, 2010, to F.L.C.C. for massage therapy and then an adjustment by Brandon Fuzi, D.C.

24.

The subjective portion of the SOAP note regarding Mr. Crook's September 22, 2010 F.L.C.C. massage therapy states: "can't walk good, hurts very low back (R) leg giving way."

25.

The objective portion of the massage therapy SOAP note regarding Mr. Crook's September 22, 2010 massage therapy at F.L.C.C. states in part: "(R) leg weak when walking. . ."

26.

The assessment portion of the massage therapy SOAP note regarding Mr. Crook's September 22, 2010 F.L.C.C. massage therapy states that neuromuscular

therapy was performed on Mr. Crook as follows: "NMT – Traps, rombs, scaps,

erectors, spinals, glutes, Pori."

27.

The Doctor's Note Sheet for Mr. Crook's September 22, 2010 visit

("September 22 Doctor's Note") reports: "had to help Pt. onto massage table."

28.

Mr. Crook's subjective complaints on September 22, 2010 were "acute LBP

10/10 P!" and "legs giving out on pt; unknown etiology."

29.

On September 22, Defendant Fuzi performed "15 reps Cox distraction" and

a "lite drop" on Mr.Crook.

30.

Defendant Fuzi's September 22, 2010 assessment of Mr. Crook was

"unchanged," "acute" and "(Coumadin)."

31.

Defendant Fuzi's September 22, 2010 plan for Mr. Crook was to adjust him,

to use therapeutic modalities and "laser therapy Thurs."

32.

Defendant Fuzi gave Mr. Crook a "back belt" before Mr. Crook left the

F.L.C.C. office on September 22, 2010.

33.

Later on September 22, 2010, Mr. Crook presented to the Piedmont

Mountainside Hospital emergency room with rapid-onset paraplegia.

34.

On September 23, 2010, after being transferred to Piedmont Hospital in

Atlanta, Georgia, Mr. Crook underwent a laminectomy at T12-L1 and partial

laminectomy at T11 and L2 for evacuation of an epidural hematoma by Steven

Wray, MD at Piedmont Hospital.

35.

Mr. Crook underwent in-patient rehabilitation at North Fulton Hospital from

October 1, 2010 until November 2, 2010.

36.

In his October 1, 2010 History and Physical regarding Mr. Crook, Alan

Harben, M.D. documented that Mr. Crook was "status post epidural hematoma

with T12-L1 decompressive laminectomy (also T11 and L2 partial laminectomies)

and epidural hematoma evacuation, bilateral lower extremity weakness and

numbness, neurogenic bowel and bladder, gait and balance disorder, impaired ADLs and mobility.

37.

At the time of his discharge from North Fulton Hospital on November 2, 2010, Mr. Crook was "nonambulatory due to generalized weakness" and "[d]espite having approximately 4/5 strength in the lower extremities, he also [had] sensory loss, which [was] affecting his motor and gait function."

38.

Mr. Crook was discharged from North Fulton Hospital on November 2, 2010.

39.

Thereafter, Mr. Crook underwent in-patient physical therapy at Diamond Ridge Health & Rehab Center in Lecanto, Florida between November 3, 2010 and December 22, 2010.

40.

Mr. Crook was discharged from Diamond Ridge Health & Rehab with directions to continue outpatient physical therapy and a prescription for a mechanical lift.

## COUNT I – PROFESSIONAL NEGLIGENCE

41.

The allegations of the foregoing paragraphs are incorporated herein by reference as if set fully set forth.

42.

The standard of care required Defendant Fuzi to immediately refer Mr. Crook to the emergency room upon learning that his legs were giving out.

43.

Defendant Fuzi breached the standard of care by failing to immediately refer Mr. Crook to the emergency room upon learning that his legs were giving out.

44.

The standard of care also required Defendant Fuzi to refrain from providing or recommending treatment, including but not limited to neuromuscular massage therapy, to Mr. Crook upon learning that his legs were giving out.

45.

Defendant Fuzi breached the standard of care by failing to refrain from providing or recommending treatment, including neuromuscular massage therapy, to Mr. Crook upon learning that his legs were giving out.

46.

As a direct and proximate result of Defendants' negligence, Mr. Crook

suffered rapid-onset paraplegia and damages, including, but not limited to, physical

injury, physical and mental pain and suffering, financial loss secondary to the

payment of medical expenses, and lost wages.

## COUNT II – LOSS OF CONSORTIUM

47.

The allegations of the foregoing paragraphs are hereby incorporated herein

by reference as if fully set forth.

48.

Mr. Crook is lawfully wedded to Mrs. Crook and was lawfully wedded to

Mrs. Crook during all times referenced herein.

49.

As a direct and proximate result of Defendants' negligence, Mrs. Crook

suffered a loss of the society, services, companionship, love, affection and overall

consortium of her husband, Mr. Crook, and will continue to suffer that loss in the

future.

## COMPLIANCE WITH O.C.G.A. § 9-11-9.1

50.

To the extent required and in compliance with O.C.G.A. § 9-11-9.1, the affidavit of William C. Chaney, D.C., D.I.B.C.N. is attached hereto as Exhibit A.

## JURY DEMAND

Plaintiffs demand a trial by jury.

**WHEREFORE** Plaintiffs Russell Paris Crook and Barbara Lee Epperly Crook demand judgment in excess of seventy-five thousand dollars ($75,000.00) in an amount to be determined by the enlightened consciousness of an unbiased jury, including all of Mr. Crook's medical expenses necessarily incurred, Mr. Crook's lost wages, Mr. Crook's physical and mental pain and suffering, Mrs. Crook's loss of consortium, and all other relief authorized under Georgia law.  Plaintiffs ask further that all costs be cast against the Defendants.

Respectfully submitted,

William Q. Bird
Georgia State Bar No. 057900
Kristen L. Beightol
Georgia State Bar No. 425814

**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, Georgia  30318
(404) 873-4696 T
(404) 872-3745 F

12

13

John W. Crongeyer, M.D.
Georgia State Bar No. 197267

**CRONGEYER LAW FIRM**
Crongeyer Law Firm
PO Box 19919
Atlanta, GA 30325
(404) 542-6205 T
(404) 872-3745 F

*Attorneys for Plaintiff*

13

## CERTIFICATE OF FONT

I hereby certify that I have this day filed the within and foregoing **Complaint** with the Clerk of court, using Times New Roman, 14-point font.

Respectfully submitted,

_____
William Q. Bird
Georgia State Bar No. 057900
Kristen L. Beightol
Georgia State Bar No. 425814

**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road
Atlanta, Georgia  30318
(404) 873-4696 T
(404) 872-3745 F

_____
John W. Crongeyer, M.D.
Georgia State Bar No. 197267

**CRONGEYER LAW FIRM**
Crongeyer Law Firm
PO Box 19919
Atlanta, GA 30325
(404) 542-6205 T
(404) 872-3745 F

14